UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA McMASTER, | CV F   04 6453 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc.1) |
| JAMES A. YATES, et. al., | |
| Defendants. | |

Dana McMaster ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant Complaint on October 26, 2004, alleging a violation of his Eighth Amendment right to medical care. Plaintiff names Warden Yates, Health Care Manager Bendon, Drs. Nicholes, Ortiz, Salar, and Thomas, Nurses Sedwick and Roberts, Medical Technical Assistants Hoyt, Lunn and Erickson, Technician Combs, Correctional Officer Villarreal and appeals Coordinator Sylvester as Defendants.

A.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

On January 2, 2004, Plaintiff suffered an injury to his ankle which he assumed to be minor. (Complaint at 1.) However, on January 3, 2004, he experienced pain and swelling in his ankle and had his cellmate assist him to the facility medical clinic. On January 4, 2004, Plaintiff was seen by Dr. Nicholes who prescribed Motrin, authorized crutches, scheduled an x-ray and directed Plaintiff to "lay in" for 1 day. (Complaint at 2, Exh. A.) Plaintiff states that on January 5, 2004, he again saw Dr. Nicholes for a follow-up exam, however, he states at this time Dr. Nicholes ignored his concerns that he had difficulty sleeping, his ankle was still swollen and that use of the crutches was difficult. (Complaint at 3.) Plaintiff states further that he was seen again on January 6, 2004, by Defendant Thomas, and on January 7, 2004, by Dr. Nicholes who prescribed him Vicodin, continued the lay in and use of crutches and instructed him to keep his ankle elevated. (Complaint at 3; Exh. C-2.)

Plaintiff was seen again on March 5, 2004, by Defendant Salazar, another Doctor, who noted in his medical file that Plaintiff was constipated, was losing weight, hungry all the time and his ankle was still swollen. (Complaint at 4.) Dr. Salazar prescribed Motrin and Ordered "labs." (Exh. C, D-1, Complaint.) Plaintiff complains that Dr. Salazar violated his Eighth Amendment

rights because he failed to refer him to someone with "expertise."

On March 23, Defendants C/O Villarreal and Technician Combs to issued Plaintiff a priority pass to obtain an x-ray. (Complaint at 5, Exh. E.) Defendant Thomas examined the x-rays and issued a radiology report to Dr. Salazar. Plaintiff contends Dr. Thomas's assessment immediately warranted an appointment with "medical experts qualified to further assess and treat his obvious deterioration of his left ankle." (Complaint at 5.)

Plaintiff was again issued a priority pass for a Dr. Appointment on April 1, 2004, where he was examined by Defendant Nicholes. Plaintiff contends that no entry was made into his medical records. Plaintiff does not allege that he was not seen but that an entry by the attending physician is missing. (Complaint at 6.) Plaintiff was then later referred to the emergency room by Defendant Sedwick to meet with Dr. Nicholes. Id. Plaintiff complains that Dr. Nicholes intentionally delayed in violation of his federal constitutional right of access to medical care.

On April 5, 2004, Defendant Nicholes met with Plaintiff to inform him that the radiology report issued on March 24, 2004, could not be found and that he would have to retrieve the x-rays. (Complaint at 7.) Plaintiff argues that this evidences Dr. Nicholes intentional delay concerning Plaintiff's serious medical needs. Plaintiff states, however, that after Dr. Nicholes retrieved the x-rays confirming Plaintiff's injury but that he relied on old information in violation of his rights. Id.

On April 6, 2004, Defendant R.N. Roberts issued an order that Plaintiff be seen by Defendant Nicholes on April 7, 2004, for the purpose of placing a case on Plaintiff's. Defendant Roberts also ordered one pair of crutches. Plaintiff states that this is totally opposite of Dr. Nicholes assessment.

Plaintiff states that on April 7, 2004, after he notified Defendants Yates, Bendon, Sacks, Nicholes, Sedwick, Lunn, Erickson, Thomas, Ortiz, Salazar, Villarreal, Combs, Hoyt, and Roberts of facts or sets of facts regarding his serious injury "to discontinue the joined decision by his co-defendants to willfully, knowingly, and maliciously enter into plaintiff's medical records and files fabucated[sic] and false medical reports, information and data, aimed and or directed at causing unnecessary delay and unilateral denial of plaintiff's established state and federal

3

constitutional right of access to . . .adequate medical care." (Complaint at 8.)

**C. CLAIMS FOR RELIEF**

   *1. Linkage Requirement*

   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Here, Plaintiff fails to link a majority of the Defendants to an act or omission giving rise to an constitutional violation. However, even assuming that were the case, as noted below, Plaintiff does not state a cognizable claim for relief under the Eighth Amendment.

   *2. Medical Care*

   A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than

4

conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's allegations are insufficient to support a claim for relief under Section 1983 for violation of the Eighth Amendment.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Here, however, Plaintiff presents no facts demonstrating that any of the named Defendants knew of and disregarded as serious risk to his medical health.  Farmer v. Brennan, 511 U.S. at 837.  Plaintiff concedes that he time he presented to the medical clinic he was examined by medical personnel, be they Doctors, MTA's or nurses.  There is no allegation that

he was ever denied treatment. Plaintiff's main contention is that his injury was serious and thus, he should have been referred to an "expert" qualified to treat him. This contention, however, indicates a disagreement with the course of treatment chosen by the attending physicians and is an insufficient basis on which to impose liability on the Defendants.

### 3. *Supervisory Liability*

Plaintiff names Warden Yates as a Defendant. The Court assumes by this that Plaintiff is attempting to hold Defendant Yates liable as a supervisory.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Because Plaintiff has not stated a claim for relief based on a violation of his Eighth Amendment rights, there is no underlying constitutional violation on which to base a claim of supervisory liability. Further, even had Plaintiff sufficiently alleged a cognizable claim against any of the Defendants, Plaintiff fails to link Defendant Yates to any act or omission and thus, fails to state sufficient facts on which to base a claim of supervisory liability. **D.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief

1 under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable
2 of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.
3 § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the
4 Court RECOMMENDS that this action be dismissed in its entirety.

5    It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
6 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
7 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
8 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
9 of this Report and Recommendation, any party may file written objections with the Court and
10 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
11 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
12 within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.
13 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

14    The parties are advised that failure to file objections within the specified time may waive
15 the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
16 1991).

17 IT IS SO ORDERED.

18 **Dated:   March 10, 2006          /s/ Lawrence J. O'Neill**
b9ed48                                       UNITED STATES MAGISTRATE JUDGE