UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANA McMASTER,                        1:04-cv-06453-AWI-LJO-P

       Plaintiff,            **ORDER ADOPTING FINDINGS AND**
                                      **RECOMMENDATIONS** (Doc. 8)
vs.
                                      **ORDER GRANTING PLAINTIFF LEAVE**
JAMES A. YATES, et al.,               **TO AMEND**

       Defendants.
_____/

    Plaintiff, Dana McMaster ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On March 15, 2006, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On March 30, 2006, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  The court agrees that the complaint fails to state a claim.  However, in the objections, Plaintiff provides details of how he believes that Defendants "knew of" and "disregarded" a serious medical risk.  When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted); <u>Chang v. Chen</u>, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).  This is particularly true in the context of a pro se prisoner, and the Ninth Circuit has found that the court must give a pro se prisoner notice of the complaint's pleading deficiencies and an opportunity to amend.  <u>See</u>  <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).  While it appears Plaintiff will be unable to state a claim based on the presented facts, in the interests of caution, the court will give Plaintiff one opportunity to amend his complaint.

The Clerk of the Court will send Plaintiff the standard form

for a civil rights complaint.  Plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed March 15, 2006, are ADOPTED;
2. The Clerk of the Court is DIRECTED to send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the court in the March 16, 2006 Findings and Recommendations;

```
4.   If Plaintiff fails to comply with this order, this
     action will be dismissed for failure to obey a court
     order and failure to state a claim.
```

IT IS SO ORDERED.

**Dated:   July 6, 2006**                             **/s/ Anthony W. Ishii**
0m8i78                                           UNITED STATES DISTRICT JUDGE