IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA McMASTER, | 1:04-cv-06453-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS & RECOMMENDATIONS IN PART |
| vs. | ORDER DISMISSING CERTAIN DEFENDANTS |
| JAMES A. YATES, et al., | ORDER ALLOWING LIMITED AMENDMENT |
| Defendants. | ORDER REFERRING ACTION TO MAGISTRATE JUDGE |

Dana McMaster ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 13, 2008, Findings and Recommendations were entered, recommending that this action be dismissed for failure to state a claim upon which relief can be granted under § 1983. Plaintiff was provided an opportunity to file objections to the Findings and Recommendations within thirty days. On June 18, 2008, plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(P) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds that the Findings and Recommendations should be adopted in part. However, the court finds the complaint does state a claim as to four defendants and Plaintiff should be given leave to amend his claim against two more defendants.

As explained by the Magistrate Judge, 42 U.S.C. § 1983 requires that there be an actual

1  connection or link between the actions of the defendants and the deprivation alleged to have been
2  suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v.
3  Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the
4  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative
5  act, participates in another's affirmative acts or omits to perform an act which he is legally required
6  to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743
7  (9th Cir. 1978).  In order to state a claim for relief under Section 1983, a plaintiff must link each
8  named defendant with some affirmative act or omission that demonstrates a violation of the
9  plaintiff's federal rights.  The court agrees with the Magistrate Judge that the complaint fails to
10 adequately link Defendants Lt. Villarreal, Technician Combs, MTA Hoyt, MTA Sedwick  R.N.
11 Roberts, R.N. Sheroan, MTA Lunn, and MTA Erickson.  The court has already given Plaintiff notice
12 of the complaint's pleading deficiencies and an opportunity to amend, and as such, the court need not
13 allow Plaintiff additional time in which to amend.  See  Lopez v. Smith, 203 F.3d 1122 (9th Cir.
14 2000); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).   However, pursuant to Federal Rule
15 of Civil Procedure 15(a), "leave [to amend pleadings] shall be freely given when justice so requires."
16  From the objections, it appears that Plaintiff may be able to state a claim as to two of these
17 Defendants.
18      Plaintiff alleges in the complaint that Defendant Technician Combs knew Plaintiff had a
19 fractured ankle after taking x-rays, but Defendant Technician Combs failed to see that Plaintiff
20 received adequate medical care.  A prison official is "deliberately indifferent" to a Plaintiff's serious
21 medical needs if he knows that a prisoner faces a substantial risk of serious harm and disregards that
22 risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).
23 Because it is possible that Plaintiff can state a claim as to Defendant Technician Combs, the court
24 will allow Plaintiff leave to amend the complaint as to Defendant Technician Combs.
25      In addition, the court will allow leave to amend the complaint as to Defendant Sedwick.   In
26 the objections, Plaintiff alleges that Defendant Sedwick refused to give Plaintiff prescribed pain
27 medication for four days.  The objections state Defendant Sedwick refused to comply with the
28

2

orders for pain medication.    Deliberate indifference can be manifested by prison officials intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990).   It appears Plaintiff can state a claim for Defendant Sedwick's deliberate indifference to Plaintiff's serious medical needs because she did not give Plaintiff prescribed medication.   Thus, Plaintiff is given leave to  amend the complaint as to Defendant Sedwick.

The court finds that Plaintiff may proceed on his claims against Defendant Doctor Thomas, Defendant Doctor Ortiz, Defendant Doctor Salazar, and Defendant Doctor Nicholes.   The court recognizes that deliberate indifference is a high legal standard.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 390 F.3d at 1057 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

However, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."   Specific facts are not necessary; the complaint only needs to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Erickson v. Pardus, – U.S. – ,127 S.Ct. 2197, 2200 (2007) (citations omitted).  It must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, – U.S. – , 127 S.Ct. 1955, 1974 (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th Cir. 2008).   In considering dismissal, the court must accept as true the complaint's allegations.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

Here, the complaint alleges that Defendant Doctor Thomas, Defendant Doctor Salazar, Defendant Doctor Ortiz, and Defendant Doctor Nicholes all, at some point, knew that Plaintiff's ankle was fractured based on Plaintiff's medical records and the x-ray reports.   The complaint

3

alleges that despite knowing[1] about the fracture found in both sets of x-rays these doctors told Plaintiff the x-rays were negative, and they did not provide medical treatment for a fractured ankle. Given Plaintiff's allegations of pain, the court finds that not treating the fracture states a claim for deliberate indifference. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (finding needless suffering of pain may be sufficient to demonstrate further harm.)

The court recognizes that a difference of opinion between a prisoner and medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). However, Plaintiff has alleged more than a mere difference of opinion on how his ankle fracture should be treated. Plaintiff has alleged that these Defendants did not treat Plaintiff for a fracture because they repeatedly claimed the x-rays were negative. While these Defendants appear to have treated Plaintiff for some general ankle injury, the complaint alleges Plaintiff was not treated for a fracture until some two and a half months later. Thus, the court finds the complaint states a claim as to Defendant Doctor Thomas, Defendant Doctor Ortiz, Defendant Doctor Salazar, and Defendant Doctor Nicholes. This action will not proceed on any claims against these Defendants for events occurring prior to the January 6, 2004 x-rays because the complaint alleges Defendants gained their knowledge of Plaintiff's fracture at this time.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on May 13, 2008, are adopted in part.

2. This action may proceed against Defendant Doctor Thomas, Defendant Doctor Ortiz, Defendant Doctor Salazar, and Defendant Doctor Nicholes on Plaintiff's claim of deliberate indifference to Plaintiff's fractured ankle for events occurring after x-rays were taken on January 6, 2004.

3. All other claims and Defendants are DISMISSED WITHOUT LEAVE TO AMEND

---

[1] At this time, the court must accept the complaint's allegations as true.

1  except for Defendant Sedwick and Defendant Combs.

2  4. Plaintiff may file an amended complaint that contains a deliberate indifference claim against Defendant Sedwick for failing to give Plaintiff prescribed pain medication and against Defendant Combs for failing to see that Plaintiff received adequate medical care.

5. Plaintiff may, but is not required to, file any amended complaint[2] within thirty days of this order's date of service.

6. If Plaintiff fails to file an amended complaint, this action will proceed against Defendant Doctor Thomas, Defendant Doctor Ortiz, Defendant Doctor Salazar, and Defendant Doctor Nicholes.

7. Plaintiff is FOREWARNED that if any amended complaint contains Defendants or claims other than the deliberate indifference claim against Defendant Doctor Thomas, Defendant Doctor Ortiz, Defendant Doctor Salazar, Defendant Doctor Nicholes, Defendant Sedwick and Defendant Combs discussed in this order, sanctions will be imposed up to and including dismissal of this entire action.

8. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   August 4, 2008**              /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[2] An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.