**JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dana McMaster, | No. CV 1-04-6453-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Doctor Thomas, et al., | |
| Defendants. | |

Plaintiff Dana McMaster, who is confined in the Pleasant Valley State Prison in Coalinga, California, has filed a *pro se* civil rights Second Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 19). The Court will order Defendants Thomas, Salazar, Ortiz, Nicholes, Sedwick, and Combs to answer the Second Amended Complaint.

**I.      Background**

Plaintiff initiated this action on October 26, 2004, presenting a claim of deliberate indifference to his serious medical needs—a broken ankle (Doc. # 1). On March 15, 2006, Magistrate Judge O'Neill recommended that the Complaint be dismissed without leave to amend (Doc. # 8). Plaintiff objected to the Findings and Recommendations and on July 7, 2006, the Court adopted the recommendation in part and dismissed the Complaint, but granted Plaintiff leave to amend (Doc. # 10). Plaintiff filed his First Amended Complaint on August 7, 2006 (Doc. # 12). On May 13, 2008, Magistrate Judge Austin recommended that the First Amended Complaint again be dismissed without leave to amend. Plaintiff again

**JDDL**

1 objected to the Findings and Recommendations and on August 5, 2008, the Court adopted
2 the recommendation in part and rejected it in part.  The Court stated that Plaintiff had
3 successfully stated a claim for deliberate indifference to his broken ankle against Defendants
4 Thomas, Ortiz, Salazar, and Nicholes.  The Court further permitted Plaintiff to file one final
5 amended pleading to attempt to state a claim against Defendants Sedwick and Combs.  The
6 Court dismissed all other Defendants.[1]

7 On August 29, 2008, Plaintiff filed his Second Amended Complaint (Doc. # 19). This
8 case was reassigned to the undersigned judge on November 25, 2008 (Doc. # 20).

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Complaint

In his Second Amended Complaint, Plaintiff claims that Defendants Doctor Thomas, Doctor Salazar, Doctor Ortiz, and Doctor Nicholes all knew that Plaintiff's ankle was fractured based on medical records and x-ray reports, but told Plaintiff his ankle was not fractured and did not provide any treatment for his injury.  Plaintiff also claims that Defendant Combs took and reviewed Plaintiff's x-ray, but failed to take any action to treat his broken ankle.  Plaintiff also alleges that Defendant Sedwick knew Plaintiff's ankle was broken, but failed to provide any pain medication, resulting in extreme pain. Plaintiff asserts that Defendants actions resulted in a long delay in receiving treatment for his broken ankle, causing extreme pain and further damage.  Plaintiff has stated a claim for deliberate

---

[1] Plaintiff was cautioned that any amended complaint supercedes the original complaint and any "causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1  indifference to his broken ankle and the Court will require Defendants Thomas, Salazar,
2  Ortiz, Nicholes, Combs, and Sedwick to answer the Second Amended Complaint.

3  **III.    Warnings**

4      **A.    Address Changes**

5      Plaintiff must file and serve a notice of a change of address in accordance with Rule
6  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include
7  a motion for other relief with a notice of change of address. Failure to comply may result in
8  dismissal of this action.

9      **B.    Copies**

10     Plaintiff must submit an additional copy of every filing for use by the Court. See
11 LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further
12 notice to Plaintiff.

13     **C.    Possible Dismissal**

14     If Plaintiff fails to timely comply with every provision of this Order, including these
15 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
16 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
17 comply with any order of the Court).

18 **IT IS ORDERED:**

19     (1)    Defendants Thomas, Salazar, Ortiz, Nicholes, Combs, and Sedwick must
20 answer the Second Amended Complaint

21     (2)    The Clerk of Court must send Plaintiff a service packet including the
22 Complaint (Doc. # 19), this Order, a Notice of Submission of Documents form, an instruction
23 sheet, and copies of summons and USM-285 forms for Defendants Thomas, Salazar, Ortiz,
24 Nicholes, Combs, and Sedwick.

25     (3)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and
26 return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit
27 with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,
28

1  a copy of this Order for each Defendant, a completed summons for each Defendant, and a
2  completed USM-285 for each Defendant.

3       (4)    Plaintiff must not attempt service on Defendants and must not request waiver
4  of service.  Once the Clerk of Court has received the Notice of Submission of Documents and
5  the required documents, the Court will direct the United States Marshal to seek waiver of
6  service from each Defendant or serve each Defendant.

7       (5)    **If Plaintiff fails to return the Notice of Submission of Documents and the**
8  **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
9  **must, without further notice, enter a judgment of dismissal of this action without**
10 **prejudice.**  See **Fed. R. Civ. P. 41(b).**

11 DATED this 30th day of January, 2009.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge