IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dana McMaster,<br><br>          Plaintiff,<br><br>vs.<br><br>Doctor Thomas, et al.,<br><br>          Defendants. | No. CV 1-04-6453-FRZ<br><br>**ORDER** |

Defendants have filed a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Plaintiff must respond to all arguments raised by Defendants ; if Plaintiff fails to properly and timely oppose Defendants' motion to dismiss, this case will likely be dismissed without further notice to Plaintiff on the grounds requested by Defendants. Defendants' motion to dismiss seeks dismissal on several grounds; as to certain claims, Defendants seek dismissal for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). As such, the Court provides this notice to Plaintiff.

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]***

Defendants' motion to dismiss seeks to have specific claims dismissed, in part, on the ground that you failed to exhaust prison administrative remedies as required by 42 U.S.C.

---

[1] Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1  § 1997e(a). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure
2  will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the
3  Court may consider evidence beyond your complaint, including sworn declarations and other
4  admissible documentary evidence. Moreover, if Defendants produce admissible evidence
5  demonstrating that you failed to exhaust available administrative remedies, your complaint
6  will be dismissed without prejudice unless your response to Defendants' Motion includes
7  admissible evidence sufficient to show that you exhausted all available administrative
8  remedies or that no administrative remedies were available to you. Types of admissible
9  evidence may include copies of your grievances, grievance responses and sworn declarations.

10  The declarations or other sworn testimony setting out your specific facts must be made
11  on personal knowledge, must set forth such facts as would be admissible as evidence, and
12  must affirmatively show that the affiant is competent to testify regarding the matters in the
13  declaration or other sworn testimony.

14  If the Court determines that any of the declarations or other sworn testimony are made
15  in bad faith, the Court may order the party employing the bad faith to pay the other party for
16  costs associated with controverting that testimony, including the other party's attorney's fees.

17  If you do not submit your own evidence in opposition to the motion, the moving
18  party's evidence might be taken as truth and those claims addressed in the motion will be
19  DISMISSED without a trial. **IF THAT OCCURS, THERE WILL BE NO TRIAL ON**
20  **THOSE CLAIMS.**

21  **YOU SHALL FILE ANY RESPONSE TO THE MOTION TO DISMISS**
22  **WITHIN FORTY-FIVE (45) DAYS FROM THE DATE OF THIS ORDER.** If you do
23  not respond to the motion, your failure to respond can be viewed as you agreeing to the Court
24  granting the Motion. *See* L.R. 78-230(l). **IF THAT OCCURS, THOSE CLAIMS**
25  **ADDRESSED IN THE MOTION TO DISMISS WILL BE DISMISSED AND THERE**
26  **WILL BE NO TRIAL ON THOSE CLAIMS.** Any reply shall be filed within twenty (20)
27  days from the date the response is filed.

28

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

DATED this 12th day of April, 2010.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge