IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dana McMaster,<br><br>    Plaintiff,<br><br>vs.<br><br>Doctor Thomas, et al.,<br><br>    Defendants. | No. CV 1-04-6453-FRZ<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir.1994); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304 (8th Cir. 1981); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). As to civil cases, the only general statutory authority pertaining to the appointment of counsel simply states that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, this statute does not authorize courts to require counsel to represent such litigants, but only to request representation on a *pro bono* basis. *See Mallard V. U.S. Dist. Court*, 490 U.S. 296, 305-05. An appointment of counsel may be designated under §1915(e)(1) only in "exceptional circumstances." *Wilborn v. Escaleron*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his

claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these factors is dispositive and both must be viewed together before reaching a decision of request of counsel under §1915(e)(1). *See id*. A review of the record shows that Plaintiff has not demonstrated a likelihood of success on the merits at this stage of the litigation. In addition, upon review of the pleadings Plaintiff has already filed in this case, Plaintiff appears capable of articulating his claims before the Court. Accordingly, this case does not present "exceptional circumstances" requiring the appointment of counsel. Plaintiff's motion for the appointment of counsel (Doc. 39) is **denied**.

DATED this 23rd day of August, 2010.

_____
Frank R. Zapata
Senior United States District Judge