IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Dana McMaster, | ) | No. CV 1-04-6453-FRZ |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Doctor Thomas, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' motion to dismiss pertaining to Plaintiff's Second Amended Complaint ("Complaint"). *See* Doc. 19. In essence, Plaintiff's Complaint alleges that he fractured his ankle while incarcerated, that prison medical officials knew he fractured his ankle, but failed to properly treat his fractured ankle (i.e., by denying pain medication and proper treatment) causing him unnecessary and extreme pain for an extended period of time.   For the reasons stated below, the motion to dismiss is granted in part and denied in part.

**Standard of Review:  Failure to State a Claim**

The dispositive issue raised by a motion to dismiss for failure to state a claim is whether the facts as pleaded, if established, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989).  In reviewing a motion to dismiss for failure to state a claim, a court's review is typically limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  Furthermore, a court must "construe the complaint . . . in the light most favorable to the non-moving party, and [a court must] take the allegations and reasonable inferences as true." *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000)(in reviewing a motion to dismiss for failure to state a claim, "we accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party."); *Clegg*, 18 F.3d at 754 (same); *see also*

1  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)("While a complaint attacked
2  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a
3  plaintiff's obligation to provide the grounds of his entitlement to relief requires more than
4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will
5  not do . . . Factual allegations must be enough to raise a right to relief above the
6  speculative level . . . on the assumption that all allegations in the complaint are true (even
7  if doubtful in fact) . . . of course, a . . . complaint may proceed even if it strikes a savvy
8  judge that actual proof of those facts is improbable, and that a recovery is very remote
9  and unlikely." )(internal quotes and citations omitted); *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
10  1949 (2009)(while Rule 8 does not demand detailed factual allegations, "it demands more
11  than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . Threadbare
12  recitals of the elements of a cause of action, supported by mere conclusory statements, do
13  not suffice."). "[S]pecific facts are not necessary; the statement [in the Complaint] need
14  only give the defendant fair notice of what . . . the claim is and the grounds upon which it
15  rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). Courts
16  must "continue to construe pro se filings liberally," especially where the plaintiff is a pro
17  se prisoner in a civil rights action. *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).

18  **Discussion: Failure to State a Claim**

19       Defendants' motion to dismiss seeks dismissal, in part, on the ground that
20  Plaintiff's Complaint fails to state a claim. However, Defendant also seeks dismissal of
21  the majority of Plaintiff's claims on the ground that he failed to exhaust them; the Court
22  will address the exhaustion issue in more detail later in this Order. The Court will only
23  address the merits of Plaintiff's claims that have been exhausted. As the record reflects,
24  and Defendants concede, the only claims that Plaintiff properly exhausted pertain to his
25  primary claim that prison medical officials were deliberately indifferent to his serious
26  medical needs in violation of the 8th Amendment and his related California Government
27  Code §845.6 claim which imposes liability on government workers who knowingly deny
28  care to a prisoner in need of immediate medical care.

1         Not every claim by a prisoner relating to inadequate medical treatment states a
2  violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must
3  show that the defendants acted with "deliberate indifference to serious medical needs."
4  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S.
5  97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating
6  that failure to treat the condition could result in further significant injury or the
7  unnecessary and wanton infliction of pain and (2) the defendant's response was
8  deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

9         "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d
10 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must
11 both know of and disregard an excessive risk to inmate health; "the official must both be
12 aware of facts from which the inference could be drawn that a substantial risk of serious
13 harm exists, and he must also draw the inference."   *Farmer v. Brennan*, 511 U.S. 825,
14 837 (1994).  Deliberate indifference in the medical context may be shown by a
15 purposeful act or failure to respond to a prisoner's pain or possible medical need and
16 harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may
17 also be shown when a prison official intentionally denies, delays, or interferes with
18 medical treatment or by the way prison doctors respond to the prisoner's medical needs.
19 *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

20        Deliberate indifference is a higher standard than negligence or lack of ordinary due
21 care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross
22 negligence will constitute deliberate indifference." *Clement v. California Dep't of*
23 *Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter*
24 *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
25 "medical malpractice" do not support a claim under § 1983).  "A difference of opinion
26 does not amount to deliberate indifference to [a plaintiff's] serious medical needs."
27 *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,
28 without more, is insufficient to state a claim against prison officials for deliberate

1  indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
2  (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of
3  "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.
4       In his Complaint, Plaintiff alleges that Defendants Doctor Thomas, Doctor Salazar,
5  Doctor Ortiz, and Doctor Nicholes all knew that Plaintiff's ankle was fractured based on
6  medical records and x-ray reports, but told Plaintiff his ankle was not fractured and did
7  not provide any treatment for his injury.  Plaintiff also alleges that Defendant Sedwick
8  knew Plaintiff's ankle was broken, but failed to provide any pain medication, resulting in
9  extreme pain.  Plaintiff asserts that Defendants actions resulted in a long delay in
10 receiving treatment for his broken ankle, causing extreme pain and further damage.
11 Taking Plaintiff's facts as true, drawing all reasonable inferences in his favor, and
12 construing his pro se pleadings liberally as it must at this stage of the litigation, the Court
13 finds that Plaintiff has stated a §1983 deliberate indifference claim pursuant to the 8th
14 Amendment and a California Government Code §845.6 claim against Defendants
15 Thomas, Salazar, Ortiz, Nicholes, and Sedwick; furthermore, they are not entitled to
16 qualified immunity based on the current record before the Court.
17      The Court notes that Plaintiff's Complaint seeks damages against these
18 Defendants.  The Complaint is somewhat unclear as to whether Plaintiff is suing these
19 Defendants in their individual or official capacity.  While an individual capacity suit for
20 damages can go forward, Defendants correctly point out that the Eleventh Amendment
21 bars damages actions against state officials in their official capacity.  *See Flint v.*
22 *Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  As such, to the extent Plaintiff's
23 Complaint seeks damages against these state officials in their official capacity, any such
24 claims are barred and are therefore dismissed with prejudice.  *See id.*
25 **Discussion: Failure to Exhaust**
26      Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust
27 available administrative remedies before bringing a federal action concerning prison
28 conditions.  *See* 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.

- 4 -

1 2009). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S.
2 516, 523 (2002), regardless of the type of relief offered through the administrative
3 process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the
4 administrative review process in accordance with the applicable rules. *See Woodford v.*
5 *Ngo*, 548 U.S. 81, 92 (2006).

6       Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007).
7 Thus, the defendant bears the burden of raising and proving the absence of exhaustion.
8 *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter
9 of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the
10 pleadings to decide disputed issues of fact. *Id.* at 1119-20. Further, a court has broad
11 discretion as to the method to be used in resolving the factual dispute. *Ritza v. Int'l*
12 *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation
13 omitted).

14       The CDC provides an administrative grievance procedure for prisoners. *See* Cal.
15 Code. Regs., Title 15 §3084, et seq. "Any inmate or parolee under the department's
16 jurisdiction may appeal any departmental decision, action, condition, or policy which
17 they can demonstrate as having an adverse effect upon their welfare . . . An appellant
18 must submit the appeal within 15 working days of the event or decision being appealed,
19 or of receiving an unacceptable lower level appeal decision." *See id.* at §3084.1(a) and
20 §3084.6(c). The CDC provides four levels of appeal which includes the informal level,
21 first formal level, second formal level, and the third formal level which is referred to as
22 the director's level; the director's level appeal is final and exhausts all administrative
23 remedies within the CDC. *See id.* at §3084.5; *Irvin v. Zamora*, 161 F.Supp. 2d 1125,
24 1129 (S.D. Cal. 2001). An inmate must proceed to the director's level to properly
25 exhaust administrative remedies and therefore prior to seeking judicial relief. *See Booth*
26 *v. Churner*, 532 U.S. 731, 739 (2001).

27       As referenced above, a review of the record reflects that the only claims that
28 Plaintiff properly exhausted pertain to his primary claim that prison medical officials

- 5 -

1  were deliberately indifferent to his serious medical needs in violation of the 8th

2  Amendment and his related California Government Code §845.6 claim.  These are the

3  only claims that Plaintiff properly and timely exhausted through all levels of the prison

4  grievance process; as such, these are the only fully exhausted claims that can go forward

5  in this case.  Plaintiff's Complaint, for example, summarily asserts claims stemming from

6  negligence (Doc. 19, p. 6 at paragraphs a, c, d, and e), the Fourth and Fourteenth

7  Amendment (Doc. 19, p. 6 at paragraph h), and for "[v]iolating plaintiff's federal Civil

8  Rights Act" (Doc. 19, p. 7 at paragraph i).  These claims are dismissed without prejudice

9  as Plaintiff failed to properly and timely exhaust these claims.  Furthermore, these claims

10 are also subject to dismissal as they are vague, speculative, and do not state any viable

11 claim for relief.  Thus, all of the claims in Plaintiff's Complaint (Doc. 19) are dismissed

12 without prejudice except for his primary claim that prison medical officials were

13 deliberately indifferent to his serious medical needs in violation of the 8th Amendment

14 and his related California Government Code §845.6 claim.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Defendants' motion to dismiss (Doc. 51) is granted in part and denied in part.

(2) Defendants' motion for a protective order (Doc. 56) seeking protection from the burdens of discovery pending the Court's ruling on the motion to dismiss is denied as moot as the Court has now ruled on the motion to dismiss.

DATED this 23rd day of September, 2010.

_____
Frank R. Zapata
Senior United States District Judge