IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Dana McMaster,<br><br>      Plaintiff,<br><br>vs.<br><br>Doctor Thomas, et al.,<br><br>      Defendants. | No. CV 1-04-6453-FRZ<br><br>**ORDER** |

Pending before the Court are several motions filed by Plaintiff. Plaintiff's motion for appointment of counsel (Doc. 76) is denied. There is no constitutional right to appointment of counsel in a civil case. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir.1994); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304 (8th Cir. 1981); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). As to civil cases, the only general statutory authority pertaining to the appointment of counsel simply states that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, this statute does not authorize courts to require counsel to represent such litigants, but only to request representation on a *pro bono* basis. *See Mallard V. U.S. Dist. Court*, 490 U.S. 296, 305-05. An appointment of counsel may be designated under §1915(e)(1) only in "exceptional circumstances." *Wilborn v. Escaleron*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these factors is dispositive and both must be viewed together before reaching a decision of request of counsel under §1915(e)(1). *See id*. A review of the record

shows that Plaintiff has not demonstrated a likelihood of success on the merits at this stage of the litigation. In addition, upon review of the pleadings Plaintiff has already filed in this case, Plaintiff appears capable of articulating his claims before the Court. Accordingly, this case does not present "exceptional circumstances" requiring the appointment of counsel. Plaintiff's motion for the appointment of counsel (Doc. 76) is denied.

In addition, Plaintiff has filed several motions arguing that Defendants have not properly responded to his discovery and have improperly dealt with him regarding discovery such that he should have additional time for discovery and sanctions should be imposed. *See* Doc. 70, 71, 79, 80.[1] Plaintiff's motions are denied. Plaintiff did not properly comply with Local Rules requiring him to confer with Defendants to resolve the disputes without Court intervention, and he also failed to file or pursue a joint report regarding the discovery disputes prior to filing the motions in question. *See* Local Rule 251.[2] Furthermore, Plaintiff has not provided any adequate legal authority supporting his positions, and has not specifically shown how Defendants' discovery responses and objections to certain discovery are legally insufficient or improper. Accordingly, in light of the foregoing, Plaintiff's motions (Doc. 70, 71, 76, 79, 80, 84, 86) are denied.

DATED this 24th day of February, 2011.

_____
Frank R. Zapata
**Senior United States District Judge**

---

[1] The Court notes that Plaintiff filed another motion appearing at Doc. 84, but shortly thereafter filed a document (Doc. 85) essentially stating that Doc. 84 was moot. As such, the Court will deny both Doc. 84 and Doc. 85 as moot.

[2] The Court notes that it appears that some attempt (i.e., an exchange of a couple of letters) was made to resolve discovery disputes nearly a year prior to the filing of the motions at issue; this is insufficient to satisfy Local Rule 251.