IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dana McMaster, | No. CV 1-04-6453-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Doctor Thomas, et al., | |
| Defendants. | |

Pending before the Court are several documents filed by Plaintiff. In Doc. 85, Plaintiff appears to explain that a previous document he filed was premature; based on the record before the Court, Doc. 85 appears moot and is denied as moot. In Doc. 92, Plaintiff appears to request a pretrial conference so the Court can explain to Plaintiff how to litigate the case he has initiated. As discovery has closed, a dispositive motion is pending, Plaintiff cites no specific facts or authority to support his position, and Plaintiff's request of the Court is improper, Doc. 92 is denied. Plaintiff's request for additional time (Doc. 95) to respond to Defendants' motion for summary judgment is granted; Plaintiff shall file his response to Defendants' motion for summary judgment by no later than **6/30/11**. If Plaintiff fails to respond by 6/30/11, Defendants' motion for summary judgment may be granted without further notice to Plaintiff. Accordingly, Doc. 85 and 92 are **denied** and Doc. 95 is **granted**.

The Ninth Circuit Court of Appeals requires the Court to provide pro se prisoners with notice of the requirements of Summary Judgment under Rule 56[1] of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

---

[1] The Court notes that Plaintiff was already informed of his obligations to respond to a summary judgment motion in the Scheduling Order issued by the Court in September of 2010.

**ACCORDINGLY**, the Court **NOTIFIES** the Plaintiff as follows:

1. The Defendants are seeking to have your case dismissed through a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Summary Judgment means that instead of going to trial where you and Defendants can argue your versions of the facts and present witnesses in support of your versions of the facts, the Court decides the case after reading the Motion, your Response, and the Defendants' Reply. **IF THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL**. Rule 56 tells you what you must do in order to oppose the motion.

   a) Generally, a Motion for Summary Judgment must be granted when the Court finds that, through the Motion for Summary Judgment, Defendants have demonstrated there is no real dispute about any fact that would affect the outcome of your case, and the Court is able to decide that the Defendants are entitled to judgment as a matter of law.

   b) When Defendants support a Motion for Summary Judgment with proper declarations (or other sworn testimony) or other evidence, you cannot merely rely on what your Complaint says to defend your version of the issues and facts. Instead, you must show that there is a genuine issue of material fact. In order to do this, you must also set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56, that contradict the facts shown in the Defendant's declarations and documents.

   c) The declarations or other sworn testimony setting out your specific facts must be made on personal knowledge, must set forth such facts as would be admissible as evidence, and must affirmatively show that the affiant is competent to testify regarding the matters in the declaration or other sworn testimony.

   d) If the Court determines that any of the declarations or other sworn testimony are made in bad faith, the Court may order the party employing the bad faith to pay the other party for costs associated with controverting that testimony, including the other party's attorney's fees.

2.  If you do not submit your own evidence in opposition to the Motion, the moving party's evidence might be taken as truth and final Judgment might be entered against you without a trial.  **IF THAT OCCURS, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL**.

3.  Local Rule 56-260 also requires, in part:

a) Motions for Summary Judgment or Summary Adjudication. Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers. See L.R. 133(j).
(b) Opposition. Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.
(c) Stipulated Facts. All interested parties may jointly file a stipulation

4.  If you do not respond to the Motion for Summary Judgment, your failure to respond can be viewed as you agreeing to the Court granting the Motion and final Judgment might be entered against you without a trial.  **IF THAT OCCURS, YOUR CASE WILL BE OVER AND THERE WILL BE NO TRIAL**.

DATED this 26th day of May, 2011.

_____
Frank R. Zapata
Senior United States District Judge