IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dana McMaster, ) | No. 1:04-CV-6453-FRZ |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Doctor Thomas, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendants' motion for summary judgment. Plaintiff's Second Amended Complaint (Doc. 19) alleges that he fractured his ankle while incarcerated, that prison medical officials knew he fractured his ankle, but failed to properly treat his fractured ankle causing him to suffer unnecessary medical problems and pain. For the reasons stated below, the motion is granted.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id*. An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id*. Thus, the "mere scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary judgment. *Id.* at 252. However, in evaluating a motion for summary judgment, "the evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

**SUBSTANTIVE LEGAL STANDARDS GOVERNING PLAINTIFF'S REMAINING CLAIMS AND DISCUSSION**

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983); *Hutchinson v. United States*, 838 F.2d 390, 393 (9th Cir. 1988) (granting summary judgment against a plaintiff who relied only on her own allegations and conclusory statements that defendants had been negligent and who failed to

1   provide affidavits or depositions of experts).  "A difference of opinion does not amount to
2   deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d
3   240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state
4   a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of*
5   *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be
6   substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."
7   *Estelle*, 429 U.S. at 105.[1]

8   Pursuant to previous Orders, including the Court partially granting Defendants' motion
9   to dismiss, the only remaining claims are that prison medical officials were deliberately
10  indifferent to Plaintiff's serious medical needs in violation of the 8th Amendment and his
11  related California Government Code §845.6 claim.  These claims remain against five
12  Defendants (four prison medical doctors-Thomas, Salazar, Ortiz, Nicholes; and one prison
13  medical technician assistant-Sedwick).  In support of their motion for summary judgment,
14  Defendants properly submitted admissible evidence which included directly relevant medical
15  documentation pertaining to the treatment of Plaintiff's injury, and a declaration from a
16  medical expert who reviewed the underlying medical documentation and offered an expert
17  opinion that Plaintiff's treatment complied with the applicable medical standard of care
18  under the circumstances of this case.  However, a review of Plaintiff's filings and evidence
19  in opposition to summary judgment shows that Plaintiff failed to properly and directly
20  dispute Defendants' material facts with admissible evidence such that the material facts are
21  undisputed such that Defendants are entitled to summary judgment. *See* Docs. 102, 101, 100
22  (Defendants' Reply to Plaintiff's Opposition to Defendants' Statement of Undisputed Facts,
23  Defendants' Evidentiary Objections to Plaintiff's Evidence in Opposition to Motion by

---

[1] Plaintiff's related claim for a violation of California Government Code §845.6 states: "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

1  Defendants for Summary Judgment, Defendants' Reply to Plaintiff's Opposition to Summary
2  Judgment).  The undisputed material, admissible evidence properly before the Court at
3  summary judgment shows that there is no issue of fact entitling Plaintiff to relief in this case
4  under the Eighth Amendment or California Government Code §845.6. The record reflects
5  that Plaintiff received extensive, timely and appropriate medical treatment pertaining to the
6  injuries at issue in this case which shows that there was no deliberate medical indifference
7  by Defendants, and that Defendants did not fail to take reasonable action to address
8  Plaintiff's medical needs.  In addition, Defendants' medical expert offered unrefuted expert
9  testimony to a reasonable degree of medical or professional certainty that: (a) Defendants'
10 treatment of Plaintiff's injuries was consistent with the medical standard of care and with
11 industry practices regarding correctional medicine; (b) Plaintiff's injuries did not present a
12 serious medical need to Defendants; and (c) Defendants nonetheless took reasonable actions
13 in response to the information at their disposal and in accordance with their discretion
14 regarding Plaintiff's medical condition.  Based on the record before the Court and the
15 governing legal standards discussed herein, the Court finds that Defendants are entitled to
16 summary judgment on all of Plaintiff's claims.

17 **CONCLUSION**

18   Accordingly, IT IS HEREBY ORDERED as follows:
19 (1) Defendants' motion for summary judgment is granted.
20 (2) This case is dismissed with prejudice.
21 (3) The Clerk of the Court shall enter judgment and close the file in this case.
22
23   DATED this 20th day of March, 2012.
24
25
26              Frank R. Zapata
                Senior United States District Judge
27
28